SARTAIN, Judge.
Plaintiff in this action is the surviving spouse of Arthur Joseph Breaux, who died as a result of injuries sustained at about 4:30 p. m. on Saturday, December 14, 1968. The defendant insurer had a group accident and sickness policy, including death benefits, in force on that date with Mr. Breaux’s employer, Houma Filter and Lube Company, Incorporated (Houma Filter). The policy contained an exclusionary clause:
“OCCUPATIONAL DISABILITIES EXCLUDED. This insurance does not cover any loss sustained due to any bodily injury arising out of, or in the course of, an employee’s employment, or to any bodily injury or sickness covered by any Workmen’s Compensation Law or similar legislation.”
*22 The -trial judge held that the defendant had proved by a preponderance of evidence that Mr. Breaux, at the time of the accident, was in the course and scope of his employment and that plaintiff was therefore not entitled to recover under the defendant’s policy because of the exclusionary clause. We affirm the judgment dismissing plaintiff’s suit.
Plaintiff has appealed, contending that defendant did not prove its defense by a preponderance of the evidence and that the trial judge erred in considering a prior compromise settlement between the plaintiff and Houma Filter’s workmen’s compensation insurer and in finding that the defendant insurer was entitled to the same liberal construction in favor of a claimant in a workmen’s compensation action accorded to the phrase “in the course of employment”, as against the contention that exclusionary clauses are strictly construed against an insurer attempting to avoid liability.
The record reveals that Mr. Breaux had been a mechanic and serviceman for Hou-ma Filter. His duties included repairing equipment sold and installed by Houma Filter on off-shore drilling rigs. On such occasions, he would drive the company truck to Grand Isle and be transported to the rig by helicopter. After completing the job, he would be flown back to Grand Isle and drive back to Houma Filter’s shop to resume other duties, or to punch out his time card if he returned after normal hours. His normal hours were shop hours but he was on twenty-four hour call.
On the morning of Saturday, December 14, 1968, Mr. Breaux received a call from Walker-Huthenance Drilling Company on a Continental Oil Company off-shore rig, complaining that a compressor he had recently installed was not functioning properly. Mr. Breaux recommended a possible remedy but later received a second call from the rig to the effect that his suggestion had not worked.
At that point, he told Ernest Turner, the shop foreman, that he had decided to make a service call and then he commenced servicing the truck and assembling the necessary tools. Arrangements were made for helicopter transportation and Mr. Breaux left the shop shortly after 12:00 noon as the shop was closing for the day. He did not punch out his time card.
Upon his arrival at Grand Isle, he reported to the dispatcher’s office at the Continental Oil heliport. The dispatcher and the pilot noticed that he had a beer can in his hand and informed him that the company policy forbade transportation offshore of passengers who had been drinking. The dispatcher suggested that if Breaux wished to wait several hours, he would be able to ride a crewboat to the rig. The record does not support the conclusion that Mr. Breaux was intoxicated at the time he arrived at the heliport. He was denied air transportation to the rig because he was observed with a can of beer in his hand and safety requirements on the part of the helicopter company forbade the transportation of anyone who had been drinking. The fact that he became somewhat belligerent after he was denied the use of the helicopter is more indicative of his temperament than his state of sobriety.
Breaux called the rig from the dispatcher’s office and told Walker-Huthenance that he did not want to wait several hours and take the long crewboat ride to the rig. The drilling company agreed that he could fly to the rig the next morning. Breaux then left Grand Isle and was about two miles south of Lockport when his truck left the road and overturned, killing him. The trial judge found that Breaux was en route to Houma to return the company’s tools to the shop for the night when the accident occurred and that he was thus in the course of his employment within the meaning of the workmen’s compensation law and the defendant insurer’s exclusionary clause.
Plaintiff-appellant contends that, since Breaux was drinking beer in violation of *23 Houma Filter’s personnel policy and further was prevented thereby from performing the job he set out to do, it should follow, then, that he had departed or turned aside from his employer’s business and was engaged in purely personal pleasure. It is also contended, for the first time on appeal, that the location of the accident proves that Breaux had not taken the most direct route from Grand Isle back to Hou-ma. In taking judicial notice of a state road map, we observe that the distance from Grand Isle to Houma by way of State Highway 24 from Larose to Houma is sixty-five to seventy miles; the distance by way of State Highway 308 to Raceland and then U. S. Highway 90 to Houma is seventy-five to eighty miles. There is nothing in the record to indicate which route was normally used for the trip, except that the shop foreman estimated the distance to be about seventy-five miles. Obviously, the trial judge did not consider that there was anything unusual about taking the longer route, since he did not hesitate to find specifically that Breaux was en route back to Houma. We find the difference in mileage of some five to ten miles insignificant. If there had been merit to this contention, as perhaps would appear if the accident had occurred two miles south of Thibodaux, it would seem certain that plaintiff would have strenuously argued the point at trial. We are not in a position to overturn the trial judge’s finding of fact which was based on his superi- or knowledge of the locality. Nor do we think that such a finding is based on conjecture or suspicion to the extent that the judge has erroneously supplied an element of proof for the defendant insurer. We quote the following from the written reasons for judgment:
“He (Breaux) was returning from a service call, which was an integral part of the duties of his employment. His immediate destination was his employer’s shop, where he was expected to deliver his employer’s tools before proceeding to his home. His employer considered him to have been on duty at the time of his accident.
iji ;fi % iji * ‡
“It was clearly shown at the trial by a preponderance of the evidence that when Mr. Breaux left Grand Isle he was returning to his employer’s shop for the purpose of delivering his employer’s tools. One of the duties of his employment was to protect those tools by returning them to the shop after service calls. Clearly, he was in the course and scope of his employment at the time of his accident en route to his employer’s premises in the performance of his duties.

Plaintiff nevertheless urges that, when Mr. Breaux drank that beer and was prevented from completing the service call the employment relationship for that day was completely terminated.
The trial judge in rejecting that contention found, as noted hereinabove, that Breaux’s duties to his employer continued even though he had not successfully made the service call. The judge found as credible and persuasive the testimony of Joseph Turner, president of Houma Filter, relative to Breaux’s authority. We quote again from the written reasons for judgment:
“ * * * Breaux was shown to have considerable latitude in the manner in which he handled service calls. His employer had not ordered him to go to the rig and service the compressor. He took the call himself and decided whether and when to go to the rig and how to handle the job. (Mr. Turner) testified that if the connections which had been arranged could not be made, Breaux had the authority to return to the shop and that he was not expected to submit to a crew-boat ride when arrangements for another helicopter trip to the rig could be made the following morning.”
Therefore, when Mr. Breaux exercised the option, which he clearly had, to *24 remain and use the crewboat or to return the next morning, he was not acting beyond the course and scope of his employment when he met accidental death on his return to his employer’s place of business.
The final issue before us is whether the trial judge improperly considered a prior workmen’s compensation compromise settlement in finding that Mr. Breaux was in the course of his employment and also in establishing what burden was required of the defendant insurer in proving its defense. Plaintiff had been a party to a settlement with Houma Filter and its workmen’s compensation insurer in which it was alleged that for purposes of the settlement the workmen’s compensation law was applicable. It was also agreed by all parties, however, that a genuine dispute existed as to whether or not Breaux was in the course and scope of his employment and as to whether or not he was guilty of any misbehavior which would render said law inapplicable.
When the issue was raised during the course of the trial, the District Judge admitted the compromise settlement and testimony relative thereto subject to plaintiff’s general objection. The judge specifically commented that no consideration would be given to the matter unless the jurisprudence revealed that such was proper. Even the defendant conceded that it could not be considered res judicata or a judicial admission as to plaintiff but hoped that it might be accorded some weight by reason of the fact that a court had approved it.
The trial judge did discuss the settlement in his reasons for judgment, but not for the purpose of establishing whether or not as a matter of fact Breaux was in the course of his employment at the time of the accident. The discussion was intended to emphasize the judge’s opinion that proof on that issue should be the same, whether the litigants are a claimant and a compensation insurer or, as here, a group accident and sickness insurer asserting this particular exclusionary clause. In this instance the burden of proof rested with the defendant.
We find that the trial judge did not rely on the prior compromise settlement in determining that defendant proved its defense by a preponderance of evidence. The facts found by the judge are supported by the record and the conclusion reached was amply justified.
For the above and foregoing reasons, the judgment of the trial court is affirmed, at plaintiff-appellant’s costs.
Affirmed.